UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

Eastern Division                    C.A.NO.:05 11784 NMG

BROOKE L. VERDOIA        )
    Plaintiff            )
                         )
v.                       )
                         )
THE HERTZ CORPORATION    )
and SHARON K. SHEILDS    )
    Defendant            )

**ANSWER OF THE DEFENDANT, THE HERTZ CORPORATION, TO THE
COMPLAINT OF THE PLAINTIFF, BROOKE L. VERDOIA**

The defendant, The Hertz Corporation, answers the separately numbered paragraphs of the Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant admits the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph

4. The defendant denies the allegations contained in this paragraph

5. The defendant denies the allegations contained in this paragraph

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph

8. The defendant denies the allegations contained in this paragraph

9. The defendant denies the allegations contained in this paragraph

10. The defendant denies the allegations contained in this paragraph

**FIRST DEFENSE**

At the time of the alleged accident the motor vehicle alleged to have been involved in the accident was not being operated by an agent or employee of the defendant, The Hertz Corporation, and was not being operated under the defendant's direction or control.

**SECOND DEFENSE**

If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff, Brooke L. Verdoia was the proximate cause of the injuries allegedly sustained.

**Third Defense**

The reasonable and necessary expenses incurred for necessary medical, surgical, x-ray and/or dental services to treat the plaintiff's alleged injuries do not exceed two thousand dollars ($2,000) and, therefore, pursuant to G.L. c. 231, sec. 6D, there can be no recovery for pain and suffering.

### Forth Defense

The defendant is exempt from tort liability to the extent that the plaintiff is entitled to recover under the provisions of G.L. c. 90, sec. 34M relating to "personal injury protection" benefits.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

                                        THE DEFENDANT,
                                        THE HERTZ CORPORATION,
                                        BY ITS ATTORNEYS,

Date: 10/27/05

John D. Boyle, BBO# 052620
Scott M. Carroll, BBO# 640852
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) I, John D. Boyle, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

William A. Filippo Esq.
John N. Calvino Law Associates
373 Elmwood Avenue
Providence, RI 02907

SIGNED UNDER THE PENALTIES OF PERJURY THIS 27 DAY OF ____Oct____, 20_05_

John D. Boyle BBO# 052620
Scott M. Carroll, BBO# 640852
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775